UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Dominic Zirpola, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Fidelis Asset Management LLC, | Complaint |
| Defendant. | |

_____

## INTRODUCTION

1. Plaintiff Dominic Zirpola brings this action for statutory damages resulting from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

## JURISDICTION AND VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this District arises pursuant to 28 U.S.C. § 1391(b) since Defendant Fidelis Asset Management LLC transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiff Dominic Zirpola is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Fidelis Asset Management LLC, (hereinafter "Fidelis") is a domestic limited liability company organized and existing under the laws of the State of New York. Fidelis is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff Dominic Zirpola is alleged to have incurred and later defaulted on a debt, which he disputes. Said alleged debt will hereinafter be referred to as "the subject debt" and shall at all times remain disputed by Plaintiff Dominic Zirpola.

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. On or about October 2011, Defendant made an initial contact to Plaintiff by telephone and left a voicemail message on Plaintiff's cellular telephone at phone number 716-573-9139.  Said message read substantially as follows:

*"This message is for Zirpola, Dominic.  This call is in reference to a very important matter of yours.  Due to your lack of response, a decision is about to be made on this matter.  It is important that you do call us back before this decision has been made, at 716-771-1294.  This message is for Dominic Zirpola.  Numerous attempts have been made to contact you regarding a personal matter.  It is imperative that you return our call immediately at 716-771-1294."*

2

11. The Defendant's attempt at contacting Plaintiff through the use of an answering machine message is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

12. In the oral communication made that day, the Defendant failed to disclose the communication was from a debt collector.

13. In the oral communication made that day, the Defendant falsely implied that legal action was imminent if the Plaintiff did not contact the Defendant.

14. In the oral communication made that day, the Defendant implicitly threatened to take legal action if the Plaintiff did not contact the Defendant.

15. The Defendant is not authorized to bring legal action on behalf of their client.

16. The Defendant did not intend to bring legal action on behalf of their client.

## CAUSES OF ACTION

17. The aforementioned acts of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

18. Defendant violated 15 U.S.C. §1692d(6) on July 20, 2011 by failing to disclose, in the oral communication made that day, the communication was from a debt collector.

19. Defendant violated 15 U.S.C. §1692e(11) on July 20, 2011 by failing to disclose, in the oral communication made that day, the communication was from a debt collector.

20. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) on July 20, 2011 by falsely implying, in the oral communication made that day, that legal action was imminent if the Plaintiff did not contact the Defendant.

21. Defendant violated 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) on July 20, 2011 by implicitly threatening, in the oral communication made that day, to take legal action that could not be taken and was not intended to be taken if the Plaintiff did not contact the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Statutory damages for the Plaintiff of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(b) Costs and disbursements of this action, along with reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

(c) For any and all additional relief as this Court deems just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: February 13, 2012

Respectfully submitted,

/s/ Cyrus B. Chubineh

Cyrus B. Chubineh, Esq.
PO Box 714
Getzville, NY 14068
chubineh@yahoo.com
716-864-0715
Attorney for Plaintiff